IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ALLEN MONTEZ RUSSELL**                                             **PLAINTIFF**

**v.**                                       **CIVIL ACTION NO. 2:19-cv-39-KS-MTP**

**BILLY MCGEE, ET AL.**                                             **DEFENDANTS**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Motion for Summary Judgment [61] filed by Defendants Sheriff Billy McGee, Marcus Madden, Jerome Wolfe, and Dustin Gibson. Having considered the parties' submission, the record, and the applicable law, the undersigned recommends that the Motion [61] be granted.

### BACKGROUND

On March 18, 2019, Plaintiff Allen Montez Russell, proceeding *pro se* and *in forma pauperis*, brought this action under 42 U.S.C. § 1983. In his Complaint [1], Plaintiff named as Defendants Sheriff McGee and District Attorney Patricia Burchell. Plaintiff alleges that on November 29, 2017, he was falsely arrested by the Hattiesburg Police Department and that Sheriff McGee and D.A. Burchell defamed him and were holding him in jail in violation of his Due Process rights. Plaintiff also claims that Defendant Sheriff McGee violated his right to a speedy trial. As relief, Plaintiff requests compensatory damages, the dismissal of his criminal charges, and an immediate release from custody.[1]

---

[1] On August 2, 2019, the Court entered an Order [11] dismissing Plaintiff's claims for the dismissal of his criminal charges and his immediate release from custody because they are claims for habeas relief and are not properly pursued in a Section 1983 action. The Court also dismissed Plaintiff's claims against D.A. Burchell as they are barred by absolute immunity.

1

On August 22, 2019, Plaintiff filed an Amended Complaint [10], asserting claims against three Forrest County sheriff's deputies: Marcus Madden, Jerome Wolfe, and Dustin Gibson. Plaintiff alleges that, while he was housed at the Forrest County jail, he was deprived of recreation and not allowed out of his cell to shower or to make telephone calls, deputies opened his outgoing mail to his family, he was deprived of lights and water in his cell, his cell's emergency call button was not functioning, and deputies failed to protect him by allowing Plaintiff out of his cell with other inmates.

On September 5, 2019, Plaintiff filed a Motion to Amend [14], seeking to add as defendants the following Hattiesburg police officers: Erick Herrin, Heath Robinson, Dale Bounds, Neal Rockhold, Matthew Strickland, and Zachary Robinson. Plaintiff alleges that these officers illegally searched his apartment and discovered drugs which led to a criminal charge for possession of a controlled substance with intent to distribute. The Court granted Plaintiff's Motion to Amend [14], and the officers were added as defendants. *See* Order [15].

On March 11, 2020, Defendants Sheriff McGee, Madden, Wolfe, and Gibson ("Forrest County Defendants" or "Movants") filed the instant Motion [61], arguing that they are entitled to summary judgment because Plaintiff's false imprisonment claim against Sheriff McGee is barred by the *Heck* doctrine, Plaintiff failed to exhaust his conditions-of-confinement claims against the Forrest County Defendants, and Plaintiff's defamation claim is not a cognizable constitutional claim.

## ANALYSIS

*Exhaustion*

Defendants first argue that Plaintiff failed to exhaust his administrative remedies concerning his conditions-of-confinement claims prior to filing this action. The Prison Litigation

2

Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. "Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). The United States Court of Appeals for the Fifth Circuit held that "[s]ince exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id*. at 272. Because exhaustion is an affirmative defense, Defendants bear the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Id*. at 266.

The Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement. *Johnson v. Ford*, 261 Fed. App'x 752, 755 (5th Cir. 2008) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

In support of their Motion [61], the Forrest County Defendants submitted an affidavit from Debra Brown, the records custodian of the jail, stating that during Plaintiff's incarceration, there was an administrative remedies program at the jail. *See* Brown Affidavit [61-2]. Movants submitted a copy of the jail's inmate handbook, which sets forth the following grievance policy:

> 1. The grievance must be made in writing. It must be printed in black or blue ink.
> 2. The grievance must contain the following information:

3

>>-Name of inmate
>>-Inmates social security number
>>-Inmate cellblock
>>-Date of grievance
>>-Exact description of complaint
>>-Relief/Resolution desired by inmate
> 3. Inmate must sign grievance.
> 4. Grievance is to be submitted to the shift supervisor on duty.
> 5. You will be given notice of a hearing with the Sheriff or Chief of Corrections presiding. If relief or resolution is possible without a hearing, then no hearing will be scheduled.
> 6. All decisions of the grievance hearing will be final.
> 7. No group grievance/petitions will be accepted. Only individual inmate grievances will be reviewed.

*See* Inmate Handbook [61-3] at 12.

Brown states that she reviewed Plaintiff's entire jail file—which Movants submitted along with their Motion [61]—and Plaintiff failed to exhaust available administrative remedies concerning his claims in this action. Movants argue that Plaintiff's claims arising from his incarceration at the Forrest County jail should be dismissed because he failed to exhaust these claims.

In his Response [70], Plaintiff does not assert that he properly exhausted his administrative remedies, but asserts that he was not aware of an administrative remedies program at the jail. Plaintiff further asserts that the jail does not have an administrative remedies program. The record, however, belies Plaintiff's assertions. As Movants point out, the record demonstrates that there was an administrative remedies program at the jail and Plaintiff was well aware of the grievance process and utilized it on numerous occasions. Plaintiff filed many grievances during his multiple incarcerations at the Forrest County jail. *See* [61-3].[2] Plaintiff's

---

[2] Additionally, in the same Response [70] in which Plaintiff claims ignorance of the administrative remedies program, Plaintiff asserts that he submitted multiple grievances, but complains that he was not satisfied with the jail officials' responses to his prior grievances. Notwithstanding Plaintiff's dissatisfaction with the grievance process, exhaustion is mandatory.

4

grievances show that he was aware of the existence of a grievance process at the jail and show that the process was available to him. *See Garcia v. Hinojosa*, 2019 WL 2289584, at *4 (S.D. Tex. Feb. 4. 2019); *McGraw v. Mejia*, 2015 WL 614408, at *6 (N.D. Tex. Feb. 12, 2015); *Hanna v. Bossier Par. Corr. Ctr.*, 2014 WL 2807647, at *4 (W.D. La. June 20, 2014).  Accordingly, Plaintiff's conditions-of-confinement claims should be dismissed.

### *Heck* Doctrine

On October 15, 2019, Plaintiff was convicted of possession of marijuana—the crime for which he was arrested on November 29, 2017—and sentenced as a habitual offender to serve a term of life imprisonment. *See* [61-1] at 148-50.  In their Motion [61], Movants argue that Plaintiff's false imprisonment claim against Sheriff McGee is barred by the *Heck* doctrine.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a plaintiff who has been convicted of a crime cannot bring a Section 1983 claim challenging the constitutionality of his conviction unless the conviction has been reversed, expunged, declared invalid, or called into question by federal habeas corpus.  The purpose of this rule is to avoid collateral attacks on convictions that are "still pending." *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996).  A Section 1983 claim is barred when a judgment for the plaintiff would "necessarily imply" the invalidity of a conviction. *Heck*, 512 U.S. at 487.

Plaintiff alleges that Sheriff McGee wrongfully imprisoned him because there was no evidence incriminating him. *See* Complaint [1].  A finding in Plaintiff's favor would necessarily imply the invalidity of his conviction.  As Plaintiff's conviction of possession of marijuana has

---

*See Woodford*, 548 U.S. at 90-92 ("exhaustion requirements are designed to deal with parties who do not want to exhaust").

not been reversed, expunged, declared invalid, or called into question by federal habeas corpus, his § 1983 false-imprisonment claim is barred by *Heck*.

Likewise, Plaintiff's claim for damages for the denial of his Sixth Amendment right to a speedy trial is barred by *Heck*. *See Anderson v. Galveston Cty. Dist. Clerk*, 91 Fed. App'x 925, 926 (5th Cir. 2004) ("A determination that [plaintiff's] Sixth Amendment right to a speedy trial was violated would necessarily implicate the invalidity of his conviction, and [plaintiff] has not shown that his conviction has been overturned or otherwise declared invalid.").

*Defamation*

Finally, Movants argue that Plaintiff's defamation claim is not a cognizable constitutional violation. In his Complaint [1], Plaintiff alleges that Sheriff McGee defamed him by accusing him of crimes without evidence on the "public news." Plaintiff's allegations do not state a claim under § 1983. *See Mowbray v. Cameron Cty., TX*, 274 F.3d 269, 277 (5th Cir. 2001) (holding plaintiff's allegation that she "was publicly humiliated and subjected to scorn and ridicule during the investigative phase of the prosecution" failed to state a claim under § 1983); *Castillo v. Bowles*, 687 F. Supp. 277, 282 (N.D. Tex. 1988) ("Plaintiff alleges only harm to his reputation, which is not protected by the Constitution").

## RECOMMENDATIONS

Based on the foregoing reasons, the undersigned recommends that:

1. The Motion for Summary Judgment [61] be GRANTED;

2. Plaintiff's conditions-of-confinement claims be DISMISSED without prejudice;

3. Plaintiff's claims of false imprisonment and denial of speedy trial rights be dismissed with prejudice to their being asserted again until the *Heck* conditions are met;[3]

---

[3] To meet the *Heck* conditions, Plaintiff must demonstrate that his convictions have been reversed, expunged, declared invalid, or called into question by federal habeas corpus. *Heck*, 512 U.S. at 486-87.

4. Defendants Sheriff Billy McGee, Marcus Madden, Jerome Wolfe, and Dustin Gibson be DISMISSED from this action; and

5. This action continue as to Plaintiff's claims against Defendants Erick Herrin, Heath Robinson, Dale Bounds, Neal Rockhold, Matthew Strickland, and Zachary Robinson.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 17th day of August, 2020.

s/ Michael T. Parker<br>United States Magistrate Judge