IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ALLEN MONTEZ RUSSELL**                                                   **PLAINTIFF**

**v.**                                **CIVIL ACTION NO. 2:19-CV-39-TBM-MTP**

**BILLY MCGEE, MARCUS MADDEN,**
**JEROME WOLFE, DUSTIN GIBSON, ET AL.**                    **DEFENDANTS**

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** is the Report and Recommendation [73] entered by United States Magistrate Judge Michael T. Parker on August 17, 2020. Judge Parker recommends that the Motion for Summary Judgment [61] filed by Defendants Sheriff Billy McGee, Marcus Madden, Jerome Wolfe, and Dustin Gibson ("Forrest County Defendants") be granted because all of Plaintiff's claims against them, which are pursuant to 42 U.S.C. § 1983, are procedurally improper. In his Report and Recommendation, Judge Parker identifies the following dispositive, procedural defects: (1) Plaintiff failed to exhaust administrative remedies[1] for his conditions-of-confinement claims; (2) Plaintiff's false imprisonment claim is barred by the *Heck*

---

[1] "Under the Prison Litigation Reform Act ("PLRA"), prisoners must properly exhaust 'such administrative remedies as are available' prior to filing a section 1983 action concerning prison conditions." *Dillon v. Rogers*, 596 F.3d 260, 265 (5th Cir. 2010) (internal citation omitted). "When the defendant raises exhaustion as an affirmative defense, the judge should usually resolve disputes concerning exhaustion prior to allowing the case to proceed to the merits." *Id.* at 273.

doctrine[2]; and (3) Plaintiff's defamation allegations do not state a claim under Section 1983.

Plaintiff has not filed an objection to the Report and Recommendation, and the time for filing an objection has expired. "When a party fails timely to file written objections to the magistrate judge's proposed findings, conclusions, and recommendation, that party is barred from attacking on appeal the unobjected-to proposed findings and conclusions which the district court accepted, except for plain error." *Casas v. Aduddell*, 404 F. App'x 879, 881 (5th Cir. 2010); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."). Having conducted the required review, the Court finds that Judge Parker's Report and Recommendation is neither clearly erroneous nor contrary to law.

The Forrest County Defendants' Motion for Summary Judgment [61] is granted. In accordance, Plaintiff's conditions-of-confinement claims are dismissed without prejudice, and his false imprisonment and denial of right-to-speedy-trial claims are dismissed with prejudice to their being asserted again until

---

[2] "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. . . . Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487-89, 114 S. Ct. 2364, 2372-373, 129 L. Ed. 2d 383 (1994).

the *Heck* conditions are met.[3] The Forrest County Defendants are dismissed from this action, and the action continues against the remaining defendants.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** the Report and Recommendation [73] entered by United States Magistrate Michael T. Parker is **ADOPTED** as the opinion of the Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion for Summary Judgment [61] filed by the Forrest County Defendants is **GRANTED**. Plaintiff's conditions-of-confinement claims against said Defendants are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's false imprisonment and denial of right-to-speedy-trial claims against said Defendants are **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck* conditions are met.

**SO ORDERED AND ADJUDGED,** this the 18th day of February, 2021.

TAYLOR B. MCNEEL
UNITED STATES DISTRICT JUDGE

---

[3] "A preferred order of dismissal in *Heck* cases decrees, 'Plaintiffs claims are dismissed with prejudice *to their being asserted again until the* Heck *conditions are met.*'" *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) (emphasis added) (quoting *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)).