IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ALLEN MONTEZ RUSSELL**                                                    **PLAINTIFF**

v.                                                            CIVIL ACTION NO. 2:19-cv-39-TBM-MTP

**MATTHEW STRICKLAND, ET AL.**                                          **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court following an omnibus and screening hearing of the claims brought by a *pro se* prisoner plaintiff. Having considered the record, Plaintiff's testimony at the omnibus hearing, and the applicable law, the undersigned recommends that Plaintiff's claim against Defendant Chadra Daniels be dismissed without prejudice.

On March 18, 2019, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983. Plaintiff is currently housed at the Forrest County Jail as a post-conviction inmate, having been convicted of possession of marijuana and sentenced as a habitual offender to life imprisonment.

On May 20, 2020, Plaintiff filed a Motion to Amend [68], seeking to add Chadra Daniels as a defendant.[1] The Court granted the Motion to Amend. *See* Order [79]. On March 25, 2021, the parties appeared and participated in a *Spears*[2] hearing before the undersigned United States Magistrate Judge. During the hearing, Plaintiff testified that Defendant Daniels wrongfully arrested him for murder because there was no probable cause for the arrest. Plaintiff also alleged that the murder charge remains pending and he is awaiting trial.

---

[1] Plaintiff also asserted claims against Erick Herrin, Heath Robinson, Dale Bounds, Neal Rockhold, Matthew Strickland, and Zachary Robinson.

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

1

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a successful civil rights action that would necessarily imply the invalidity of a plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court. *Id*. at 489-91.  Here, Plaintiff has not been convicted of murder, but his claim against Daniels relates "to rulings that will likely be made in a pending or anticipated criminal trial." *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).

While the rule in *Heck* does not extend to pending criminal matters, a successful § 1983 false arrest action could impugn a conviction and, thus, could implicate *Heck*. *Id*.  At this point, however, it is premature to determine whether Plaintiff's claim is barred by *Heck*, and Plaintiff's claim should not move forward before the criminal case has run its course. *Id*. at 394 ("If a plaintiff files a false-arrest claim before he has been convicted . . ., it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.").  In circumstances such as those here, courts have the option of staying § 1983 claims or dismissing the claims without prejudice. *See Graham v. Starks*, 2014 WL 1091180 (N.D. Miss. Mar. 19, 2014) (finding that a dismissal without prejudice was a more efficient use of resources under the circumstances of the case); *Grimes v. Johnson*, 2016 WL 6892496 (W.D. La. Nov. 22, 2016); *Tang v. Missouri City Police Dep't*., 2016 WL 7048720 (S.D. Tex. Dec. 1, 2016).  As Plaintiff's claims against six other defendants remain pending, the undersigned finds a dismissal of Plaintiff's claim against Daniels without prejudice to be the appropriate choice so that the remainder of the case may proceed.

Accordingly, the undersigned recommends that the Court dismiss Plaintiff's claim against Chadra Daniels without prejudice to Plaintiff's ability to bring a § 1983 action upon final resolution of his criminal case.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This 1st day of April, 2021.

s/ Michael T. Parker
United States Magistrate Judge
