IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ALLEN MONTEZ RUSSELL**                                                                **PLAINTIFF**

v.                                                         CIVIL ACTION NO. 2:19-cv-39-TBM-MTP

**MATTHEW STRICKLAND, ET AL.**                                              **DEFENDANTS**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* for evaluating whether this action should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim against Defendants Erick Herrin, Heath Robinson, Dale Bounds, Neal Rockhold, Matthew Strickland, and Zachary Robinson. Having considered the record and the applicable law, the undersigned recommends that Plaintiff's claims against these Defendants be dismissed.

### BACKGROUND

On March 18, 2019, Plaintiff Allen Montez Russel, proceeding *pro se* and *in forma pauperis*, filed his complaint pursuant to 42 U.S.C. § 1983. This lawsuit arises from events which took place at the time of Plaintiff's arrest in Hattiesburg, Mississippi. Plaintiff is currently incarcerated as a post-conviction inmate. Plaintiff's claims were clarified and amended by his testimony at the *Spears*[1] hearing.

According to Plaintiff, on November 29, 2017, Defendants Herrin, H. Robinson, Bounds, Rockhold, Strickland, and Z. Robinson entered his home with a warrant to arrest Plaintiff for murder. Plaintiff alleges that he did not see the warrant. Plaintiff, however, believes the warrant either (1) allowed officers to search for him, not for evidence in his apartment, or (2) if it allowed

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

1

a search of his apartment, limited the search to evidence of the crime of murder.  Plaintiff alleges that Defendants searched his apartment and found marijuana in his attic.  Plaintiff claims that the marijuana was not in the open and that Defendants had no right to search for it.  Plaintiff alleges that he filed a motion to suppress the evidence seized during the search, but the motion was denied.  According to Plaintiff, he was convicted of possession of marijuana and sentenced as a habitual offender to serve a term of life imprisonment.[2]

On December 6, 2019, Defendants filed a Motion to Dismiss [51], arguing that Plaintiff's claims against them are barred by the *Heck* doctrine.  In *Heck v. Humphrey*, the United States Supreme Court held that a successful civil rights action that would necessarily imply the invalidity of a plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by federal habeas corpus. 512 U.S. 477, 489-91 (1994).

On March 9, 2020, the undersigned entered a Report and Recommendation [58], explaining that § 1983 claims based on an illegal stop, search, or seizure do not always implicate *Heck* because of doctrines such as independent source, inevitable discovery, and harmless error, which could permit the introduction of illegally obtained evidence. *See Heck*, 512 U.S. at 487 n. 7; *see also Mackey v. Dickson*, 47 F.3d 744, 764 (5th Cir. 1995).  The undersigned found that because Defendants did not provide the state court rulings addressing the motion to suppress evidence which Plaintiff filed in his criminal case, it was not clear whether Plaintiff's § 1983

---

[2] Plaintiff brought a claim against one other Defendant: Chardra Daniels.  Plaintiff alleges that Daniels wrongfully arrested him for murder because there was no probable cause for his arrest.  Plaintiff is awaiting trial for first degree murder.  On April 1, 2021, the undersigned entered a Report and Recommendation [90], recommending that the Court dismiss Plaintiff's claim against Defendant Chardra Daniels without prejudice to Plaintiff's ability to bring a § 1983 action upon final resolution of his criminal case.  The Report and Recommendation [90] is currently pending.

2

claims are barred by *Heck*. The Court adopted the Report and Recommendation [58], declining to dismiss the claims at that time. *See* Order [67].

During the recent *Spears* hearing, the Court directed Defendants to provide the motion to suppress filed in Plaintiff's state criminal proceedings and the state court order and/or transcript addressing the motion. On March 30, 2021, Defendants filed Plaintiff's motion to suppress and a transcript of the hearing on the motion to suppress. *See* Notice [87]. Thereafter, the undersigned directed Plaintiff to file a response explaining why his claims based on an illegal search and seizure are not barred by *Heck*, and on April 12, 2021, Plaintiff filed his Response [91].

**STANDARD**

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, § 1915(e)(2) applies to the instant case.

In considering whether a plaintiff has stated a claim on which relief may be granted, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' necessary claims or elements." *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

## ANALYSIS

As previously explained, the Supreme Court in *Heck* held that a plaintiff who has been convicted of a crime cannot bring a § 1983 claim challenging his conviction unless the conviction has been reversed, expunged, declared invalid, or called into question by federal habeas corpus. *Heck*, 512 U.S. at 489-91. The purpose of this rule is to avoid collateral attacks on convictions that are "still pending." *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996). A § 1983 claim is barred when a judgment for the plaintiff would "necessarily imply" the invalidity of a conviction. *Heck*, 512 U.S. at 487.

Plaintiff alleges that Defendants conducted an illegal search and seized evidence which led to his conviction of possession of marijuana. The motion to suppress evidence filed in Plaintiff's state criminal action and the transcript of the hearing on the motion reveal that the

state court denied the motion, finding that the subject search was proper. *See* Transcript [87-2] at 31-32.³

In his Response [91], Plaintiff argues that *Heck* does not apply because his conviction was illegally obtained using evidence which should have been suppressed as it was seized during an illegal search. Plaintiff, however, describes the type of situation where *Heck* clearly applies. *See Hall v. Lorenz*, 2002 WL 31049457 (5th Cir. 2002) (holding that *Heck* barred plaintiff's illegal search and seizure claim because, if successful, it would undermine the validity of plaintiff's criminal conviction); *Porter v. Richardson*, 2006 WL 740992, *3 (N.D. Tex. Mar. 13, 2006) (holding that *Heck* barred plaintiff's claims of illegal search and seizure because plaintiff was convicted on possession of a controlled substance as a result of the search).

Plaintiff also argues that *Heck* is inapplicable because he filed this § 1983 action before he was convicted. That this action preceded Plaintiff's conviction is of no consequence. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (explaining that if a plaintiff is convicted after filing a § 1983 action and the § 1983 action would impugn that conviction, "*Heck* will require dismissal").

Here, the state court ruled that the search of Plaintiff's apartment was proper, and Plaintiff's conviction was based on the marijuana seized during the search. A finding in Plaintiff's favor in this § 1983 action would necessarily imply the invalidity of his conviction. As Plaintiff's conviction of possession of marijuana has not been reversed, expunged, declared

---

³ As the motion to suppress and state court ruling are public records, the Court may consider them in deciding whether Plaintiff has failed to state a claim on which relief may be granted. *See Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995) ("Federal courts are permitted to refer to matters of public record when deciding a 12(b)(6) motion to dismiss."); *Causey v. Par. of Tangipahoa*, 167 F. Supp. 2d 898, 906 (E.D. La. 2001) ("the Court is entitled to consider [an arrest warrant] in connection with a Rule 12(b)(6) motion.").

invalid, or called into question by federal habeas corpus, his § 1983 illegal search and seizure claims are barred by *Heck*.

## RECOMMENDATION

Based on the foregoing reasons, the undersigned recommends that:

1. Plaintiff's illegal search and seizure claims be dismissed with prejudice to their being asserted again until the *Heck* conditions[4] are met and

2. Defendants Erick Herrin, Heath Robinson, Dale Bounds, Neal Rockhold, Matthew Strickland, and Zachary Robinson be DISMISSED from this action.[5]

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

---

[4] To meet the *Heck* conditions, Plaintiff must demonstrate that his conviction has been reversed, expunged, declared invalid, or called into question by federal habeas corpus. *Heck*, 512 U.S. at 486-87.

[5] If the Court adopts both this Report and Recommendation and the Report and Recommendation [90] recommending the dismissal of Plaintiff's claim against Chadra Daniel, all of Plaintiff's claims will have been dismissed and this Court should enter a final judgment.

This 15th day of April, 2021.

s/ Michael T. Parker  
United States Magistrate Judge